UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

LONG VAN NGUYEN,

Defendant.

Case No. CR12-212RSL

ORDER GRANTING IN PART MOTION TO COMPEL DISCLOSURE OF IDENTITY OF CONFIDENTIAL INFORMANT

## I. INTRODUCTION

This matter comes before the Court on defendant Long Van Nguyen's "Motion to Compel Disclosure of Identity of Confidential Informant" (Dkt. # 39). Defendant contends that the confidential informant may provide helpful information for an entrapment defense due to the informant's role in the case and relationship with the government. Defendant also contends that the unusual circumstances of the case make disclosure of and access to the confidential informant essential to a fair determination of the case. Having reviewed the parties' memoranda and the remainder of the record, the Court GRANTS IN PART defendant's motion to compel the identity of the confidential informant.

ORDER GRANTING IN PART
MOTION TO COMPEL - 1

## II. DISCUSSION

### A. Background

Defendant is charged with conspiracy to kill persons in a foreign country in violation of 18 U.S.C. § 956(a)(1) and solicitation to commit a crime of violence in violation of 18 U.S.C. § 373.

In March 2012, a confidential informant approached a government agent and informed him that defendant was planning to hire people to kill his common-law wife's relatives in Vietnam. The government agent instructed the informant to engage defendant in additional conversations about his search for someone to kill people in Vietnam and suggested that the informant introduce defendant to the agent as a person who has connections in Vietnam. The informant followed the agent's instructions. The conversations between the undercover agent and defendant led to defendant's arrest in July 2012.

### B. Analysis

The government has a limited privilege to withhold the identities of confidential informants. United States v. Henderson, 241 F.3d 638, 645 (9th Cir. 2000) (citing Roviaro v. United States, 353 U.S. 53, 59-61 (1957)). "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." United States v. Sai Keung Wong, 886 F.2d 252, 255 (9th Cir. 1989) (quoting Roviaro, 353 U.S. at 60-61). To obtain disclosure, a defendant must show "more than a 'mere suspicion' that the informant has information which will prove 'relevant and helpful' to his defense, or that will be essential to a fair trial." Henderson, 241 F.3d at 645 (citing United States v. Amador-Galvan, 9 F.3d 1414, 1417 (9th cir. 1993); United States v. Williams, 898 F.2d 1400, 1402 (9th Cir. 1990)). When determining whether to grant a motion for disclosure, a district court must balance the

defendant's and the government's interests, considering "the public interest in protecting the flow of information against the individual's right to prepare his defense." Roviaro, 353 U.S. at 62.

Here, defendant contends the informant's particular role in the investigation weighs in favor of disclosure of the informant's identity. Dkt. # 39 at 7-8. The confidential informant was involved in several conversations with the defendant before government agents became involved. Although these conversations are not described in the indictment, these conversations allegedly prompted the informant to approach the government. The informant alone is responsible for alerting the government of the defendant's allegedly illegal conduct and as a result, may provide helpful information for an entrapment defense. It is undisputed that the informant was the only witness to these early conversations with defendant that led to defendant's arrest. Dkt. # 39 at 8; see Dkt. # 45 at 1-2. Thus, there is a strong likelihood that his testimony would be relevant and potentially helpful to the defense.

Furthermore, the unusual circumstances of this case make disclosure of the confidential informant's identity essential to a fair resolution of this case. This is an international murder-for-hire case. The fact that many key witnesses live in Vietnam has stalled defendant's investigation of the charges. For these reasons, defendant also asks the Court to compel the government to provide access to the confidential informant. Dkt. # 39 at 3. Balancing the defendant's need to conduct a thorough investigation and the government's interest in keeping the informant's identity confidential, the Court finds that under these unique and limited circumstances disclosure of the informant's identity and contact information is essential to a fair determination of the case.

The Court, however, is mindful of the government's concern for the informant's safety, see Dkt. # 45 at 5, and finds that such disclosure shall be limited to the attorneys

ORDER GRANTING IN PART
MOTION TO COMPEL - 3

and their investigator only and not to the defendant or anyone else. The parties are hereby ordered to submit a stipulated protective order governing the release of information related to the confidential informant. After entry of this protective order, the government shall disclose the confidential informant's identity, phone number and address pursuant to the terms of the protective order and this order.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS IN PART defendant's motion to compel disclosure of identity of confidential informant (Dkt. # 39).

DATED this 31st day of May, 2013.

*[signature]*
Robert S. Lasnik
United States District Judge